**DELTA SAVINGS & LOAN ASSOCIATION, INC.**

v.

**INTERNAL REVENUE SERVICE.**

Civ. A. No. 86–3685.

United States District Court, E.D. Louisiana.

Jan. 30, 1987.

---

Ronald J. Vega, Gauthier, Murphy, Sherman, McCabe & Chehardy, Metairie, La., for plaintiff.

Eneid Francis, Asst. U.S. Atty., New Orleans, La., Steven Gremminger, Atty. Tax. Div., Dept. of Justice, Washington, D.C., for defendant.

## ORDER & REASONS

CHARLES SCHWARTZ, JR., District Judge.

This matter is before the Court on defendant's, Internal Revenue Service ("I.R.S."), motion to dismiss or, in the alternative, for summary judgment of plaintiff's, Delta Savings and Loan ("Delta"), complaint. Delta seeks an increase in an I.R.S. redemption paid to Delta for property Delta bought at a sheriff's foreclosure sale.

### Facts

The facts of this case are uncontested. The I.R.S. held a tax lien or liens on a home owned by Guy Olano and his wife, Joanne Asconi Olano. The I.R.S. tax lien or liens were junior to a mortgage held by Delta. In 1985, the Olano's became subject to

Chapter 7 Involuntary Bankruptcy. On October 31, 1985, Delta obtained a lift of a bankruptcy stay and began foreclosure proceedings against the Olano property pursuant to Louisiana Executory Proceedings. Delta notified the I.R.S. of a pending sheriff's sale, and by letter dated February 14, 1985, the I.R.S. acknowledged said notice. At a March 5, 1986 sheriff sale, Delta purchased the foreclosed property for $50,-677.00. On April 3, 1986, the I.R.S. notified plaintiff of its right to redeem the property pursuant to 26 U.S.C. § 7425(d). On April 9, 1986, Delta provided the I.R.S. with an $85,312.52 claim for reimbursement. On June 20, 1986, the I.R.S. redeemed the real property from plaintiff for $50,677.00. On August 25, 1986, a public auction was held whereby Delta purchased the property back from the I.R.S. for $92,-000.00.

The I.R.S. now moves to dismiss or, in the alternative, for summary judgment of plaintiff's claim asserting plaintiff is entitled to a deficiency judgment against the Olano's and therefore the $50,677.00 redemption is appropriate.

Delta makes three claims which it alleges precludes summary judgment:

(1) As a result of the bankruptcy proceedings of Guy Olano and Joanne Asconi Olano, Delta is precluded from seeking a deficiency judgment.

(2) The I.R.S. failed to timely inform Delta of any denial of its claim for reimbursement amounting to a tacit acceptance of the $85,312.53 claim.

(3) The I.R.S. did not timely redeem the encumbered property.

### Discussion

I. *The Availability of a Deficiency Judgment Would Preclude Delta's Ability to Seek Redemption in Excess of the Price Paid at Foreclosure*

The I.R.S. has a right pursuant to 26 U.S.C. § 7425(d) [1] to redeem property when

1. Section 7425(d), Redemption by the United States, provides in pertinent part: (1) Right to redeem. In the case of a sale of real property to which Subsection (b) applies to satisfy a lien

it is sold to satisfy a lien senior to a tax lien. 28 U.S.C. Section 2410(d) seeks to stipulate the price the I.R.S. must pay to redeem property, and provides in pertinent part:

> In any case in which the United States redeems real property under this section or Section 7425 of the Internal Revenue Code of 1954, the amount to be paid for such property shall be the sum of—
>
> (1) the actual amount paid by the purchaser at such sale (which, in the case of a purchaser who is the holder of the lien being foreclosed, shall include the amount of the obligation secured by such lien *to the extent satisfied by reason of such sale* ),
>
> (2) interest on the amount paid (as determined under Subparagraph (1)) at 6% annum from the date of such sale, and
>
> (3) the amount (if any) equal to the excess of (A) the expenses necessarily incurred in connection with such property, (B) the income from such property plus (to the extent such property is used by the purchaser) or reasonable rental value of such property.
>
> (Emphasis added.)

In *Equity Mortgage Corporation v. Loftus,* 504 F.2d 1071 (4th Cir.1974), the Fourth Circuit Court held that a lienholder, who purchased property at a foreclosure sale encumbered by junior tax liens is entitled to an I.R.S. redemption equal to the lienholder's foreclosure purchase price plus 6% interest if the applicable state law permits deficiency judgment against the original debtor. The Fourth Circuit found "... to the extent satisfied by reason of such sale ..." in 28 U.S.C. § 2410(d) the language requiring such an application of state law. *Equity Mortgage,* 504 F.2d at 1075.[2]

More recently, in *Republic Bank v. United States,* 527 F.Supp. 415 (W.D.La. 1981), a suit similar to the instant case, a borrower defaulted on a mortgage while still indebted to the bank for $15,249.26. For the purposes of the sheriff sale, the property was appraised at $16,000.00; thereafter Republic Bank bought the property for $4,000.00. Prior to the sale, the I.R.S. attached five tax liens to the property and notified Republic Bank of its intention to redeem the property. Republic Bank claimed the I.R.S. redemption price should be $15,249.26 while the I.R.S. contended the proper redemption price was Republic Bank's $4,000.00 purchase price. Judge Stagg found the reasoning of *Equity Mortgage v. Loftus, supra,* persuasive and granted the I.R.S.'s motion to dismiss holding since the Republic Bank had the availability of a deficiency judgment against the original debtor, Republic Bank was entitled only to a redemption equal to the price it paid for the property at foreclosure. The above cases persuade this Court that if Delta could pursue a deficiency claim against the Olanos after the foreclosure sale, then the I.R.S. correctly redeemed the property for the amount Delta paid at the foreclosure.

## II. Deficiency Judgment Available In This Case

Louisiana Civil Procedure Article 2771 provides when property is sold pursuant to Louisiana Executory Proceedings, a creditor may obtain a deficiency judgment against a debtor if the proceeds of a judicial sale are insufficient to satisfy the debt. It is clear in the instant case Delta intended to proceed with a deficiency claim as Delta bid the lowest possible price at the sheriff's sale. If Delta had no intention of pursuing a deficiency after the foreclosure, the bank would surely have bid the full debt value

---

prior to that of the United States, the Secretary or his delegate may redeem such property within the period of 120 days from the date of such sale or the period allowable for redemption under local law, whichever is longer.

**2.** See also *Mikulec v. United States,* 705 F.2d 599 (2nd Cir.1983); and *Bank of Hemet v. United*

*States,* 643 F.2d 661 (9th Cir.1981) (both cases follow the *Equity Mortgage* interpretation of 28 U.S.C. § 2410(d) that a state law determination of the availability of a deficiency judgment in turn determines whether a lienholder will be held to a redemption price equal to the price paid at foreclosure or some higher amount.)

for the property. If in fact Delta had purchased the property for the full debt value, then the I.R.S. would now be obliged to redeem the property for that price.

Delta claims the automatic bankruptcy stay in the Olano involuntary bankruptcy proceedings prevents the bank from seeking a deficiency. Nevertheless, 11 U.S.C. § 362(d) provides that a bankruptcy court may grant relief from a stay. Relief may include terminating, annulling, modifying or conditioning a stay for cause including situations where a creditor's interest in the property is inadequately protected. Delta obtained a lift of the Olano bankruptcy stay pursuant to § 362(d) in order to foreclose on the Olano's house, but has made no further efforts to satisfy the remainder of the Olano debt. Furthermore, nothing prohibits Delta from filing and asserting its claim for the deficiency in the bankruptcy court and having that claim duly administered in the bankruptcy proceedings.

### III. The I.R.S.'s Alleged Untimely Redemption and Tacit Acceptance of Delta's $85,312.53 Claim for Reimbursement

■ The I.R.S. sent Delta a letter dated March 26, 1986 (see Exhibit 3 of plaintiff's complaint) indicating the I.R.S. was considering redemption of the foreclosed Olano property "within the period that begins with the date of the sale and ends on June 5, 1986, 120 days after the date of sale."[3] One hundred and twenty days from the March 5, 1986 (date of the foreclosure sale) is July 4, 1986. The I.R.S. perfected the redemption on the former Olano property July 20, 1986 (see defendant Exhibit 1 attached to defendant's motion to dismiss or, in the alternative, summary judgment). Consequently, plaintiff's argument that the I.R.S. was untimely in its redemption is without merit.

Defendant also argues the I.R.S. did not timely deny Delta's claim for reimburse-ment apparently citing 26 C.F.R. § 301.-7425–4(4)(b)(iii) which provides:

A request for reimbursement submitted in accordance with paragraph (b)(4)(ii) of this section shall be considered to be approved for the total amount claimed by the purchaser, and payable in the event the right to redeem is exercised, unless a district director sends notice to the claimant, by certified or registered mail or hand delivery, of the denial of the amount claimed within thirty days after receipt of the request or fifteen days before expiration of the applicable period of redemption, whichever is later. The notification of denial shall state the grounds for denial. If such notice of denial is given, the request for reimbursement for a payment made to a senior lienor shall be treated as having been withdrawn by the purchaser or his successor and the Internal Revenue Service shall tender only the amount otherwise payable under Paragraph (b)(1) of this section. If a request for reimbursement is treated as having been withdrawn under the preceding sentence, payment for amounts described in this subparagraph may, in the discretion of the district director, be made after the redemption upon the resolution of the disagreement as to the amount properly payable under Subparagraph (1)(iv) of this paragraph.

■ The above section provides for I.R.S. reimbursement to the purchaser of foreclosed property in situations where a purchaser made payments to a senior lien holder which serve to protect a junior I.R.S. lien position. The section further provides for a specific period in which the I.R.S. must deny such claims for reimbursement. "This paragraph applies only to a payment made after the foreclosure sale and before the redemption...." 26 C.F.R. § 301.-7425–4(4). This section does not apply to the instant action where Delta makes no claim of payments to a more senior lienholder after foreclosure but before redemption.

---

**3.** 26 U.S.C. § 7425(d)(1) provides redemption must occur within 120 days of a foreclosure sale.

*IV. Conclusion*

As heretofore demonstrated, there are no factual issues to be determined by a finder of fact as to the correct redemption price, therefore summary judgment is appropriate. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis, et al,* 799 F.2d 218 (5th Cir.1986); *Anderson v. Liberty Lobby, Inc.,* — U.S. ——, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

Accordingly, the Clerk of Court is directed to enter a judgment dismissing this claim with prejudice, costs assessed to the plaintiff.